IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01635-LTB

ANDRE J. TWITTY, also known as
A. J. TWITTY, also known as
ANDRE TWITTY,

     Applicant,

v.

D. BERKEBILE, Warden,

     Respondent.

---

## ORDER DENYING MOTION TO RECONSIDER

---

     This matter is before the Court on the motion titled "Motion to Amend or Alter Judgment for an Abuse of Discretion, Rule 59e, Brief in Support" (ECF No. 5) submitted *pro se* by Applicant, Andre J. Twitty, also known as A. J. Twitty and as Andre Twitty, filed with the Court on July 12, 2012.

     Mr. Twitty seeks reconsideration of the Order of Dismissal and Judgment filed on June 29, 2012, denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Twitty is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado

     The Court must construe the July 12 motion liberally because Mr. Twitty is proceeding *pro se.  See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the

motion will be construed as a motion to reconsider, and denied.

The Court denied the "Motion to Vacate Judgment as a Matter of Law Brief in

Support" (ECF No. 1) and dismissed the action without prejudice because Mr. Twitty

was not represented by a licensed attorney admitted to practice in the United States

District Court for the District of Colorado, and failed to comply with the steps outlined in

*Twitty v. Davis*, No. 10-cv-02309-ZLW, 2010 WL 6283541 (D. Colo. Oct. 27, 2010) (not

published), in order to obtain the Court's permission to proceed *pro se*.   The reasons

for the dismissal are explained in greater detail in the June 29 dismissal order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within

twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court

will consider Mr. Twitty's motion to reconsider pursuant to Fed. R. Civ. P. 59(e) because

it was filed within twenty-eight days after the judgment was entered in this action on

June 29.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should

be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit

effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening

change in controlling law; (2) the availability of new evidence; and (3) the need to

correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*,

204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the

court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing

*Van Skiver*, 952 F.2d at 1243).

Upon consideration of the entire file, the Court finds and concludes that Mr.

Twitty fails to demonstrate some reason why the Court should reconsider and

vacate the decision to dismiss this action.  Therefore, the motion to reconsider will be

denied.

Accordingly, it is

ORDERED that the motion titled "Motion to Amend or Alter Judgment for an

Abuse of Discretion, Rule 59e, Brief in Support" (ECF No. 5) submitted *pro se* by

Applicant, Andre J. Twitty, and filed with the Court on July 12, 2012, and which the

Court has construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e), is

denied.

DATED at Denver, Colorado, this __19th__ day of ___July_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court